### No. 3719.—Moore & Simmons *v.* William Polk.

The admission by the defendant in the answer, that the plaintiff acquired the notes sued upon, by the indorsement in blank of the payee, is sufficient proof of the signature of the indorser.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *R. A. Hunter,* for plaintiff and appellee. *T. C. Man- ning,* for defendant and appellant.

Howe, J. This is an action on notes made by defendants to the order of Cummings, Brown & Co., and alleged to have been indorsed by the latter to plaintiffs. The answer was a general denial, followed by this admission and averment:

"For further answer the defendant admits his signature to the notes, but he denies that the plaintiffs are the owners of them, and alleges that these notes were received by the plaintiffs herein as the agent and attorney in fact of the payees." etc. *    *    *    *    *    *

He then averred that the notes belonged to the assignee in bankruptcy of Cummings, Brown & Co., and not to the plaintiffs. On the trial defendant objected to the notes being received in evidence, because the indorsement in blank of Cummings, Brown & Co. was not proved. The objection was overruled and defendant reserved a bill of exceptions.

It is quite true that in a suit against the maker of a note to order, the indorsee must prove indorsement by the payee if denied; but in this case the statement by defendant in his answer seems to be sufficient evidence. It is an admission that the plaintiffs received the notes in suit by transfer from Cummings, Brown & Co. the payees, and implies that the name of the payees written in blank on the back of each is a genuine signature. No defense is pretended to exist as against these payees, of which the suit by plaintiffs may deprive the defendant. No proof was offered of any defense whatever to the notes. .

Judgment affirmed